STATE of Maine

v.

Lawrence M. POOLE.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 4, 1990.
Decided Jan. 16, 1990.

Michael E. Povich, Dist. Atty., Ellsworth, for the State.

William C. Reiff, Mt. Desert, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, J.J.

McKUSICK, Chief Justice.

Lawrence M. Poole appeals his jury conviction (Hancock County, *Delahanty, J.*) for operating under the influence of intoxicating liquor on the grounds that the presiding justice erred in refusing to instruct the jury on the statutory competing harms defense and the common law necessity defense. Finding no error, we affirm.

On July 31, 1988, Poole drank four beers while on a scuba-diving expedition off Castine, then returned to his Orland home with a friend and drank another two and a half beers. The friend left Poole's home around 11:00 p.m. but returned at 11:30 p.m., nose bloodied, and told Poole that "he had been in an accident, his truck was off the road, and he needed (Poole's) help." Then Poole by himself drove his unregistered truck to the scene of the accident, about nine-tenths of a mile from his house, and saw the friend's truck off the road in a ditch. No other persons or vehicles had been involved. Shortly thereafter, an officer from the Sheriff's Department arrived at the scene, followed by a State Police trooper. In response to the trooper's questions, Poole admitted that he had been drinking and that he did not feel fit to drive. Poole failed field sobriety tests and took a breath test which subsequently revealed a blood alcohol level of 0.18. The trooper issued Poole a summons and drove him home.

■ Poole's first jury trial resulted in a mistrial because of a hung jury. At the close of a second jury trial, Poole requested a jury instruction on the defense of competing harms under 17–A M.R.S.A. § 103 (1983).[1] The presiding justice refused to give the instruction because the defense had not been generated by the evidence. Poole made no further requests for instructions, nor did he make any objection to those actually given.

"To warrant an instruction, evidence must be sufficient to 'make the existence of all facts constituting the defense a reasonable hypothesis for the factfinder to entertain.'" *State v. Crocker*, 506 A.2d 209, 211 (Me.1986) (citation omitted). *See also State v. Knowles*, 495 A.2d 335, 338 (Me.1985); *State v. Glidden*, 487 A.2d 642, 644 (Me.1985); *State v. Greenwald*, 454 A.2d 827, 830 (Me.1982). Further, the competing harms defense "is not in play merely because a defendant subjectively believes that a threat of imminent physical harm to person or property exists; it is requisite that it be shown as a fact that such physical harm is imminently threatened." *State v. Kee*, 398 A.2d 384, 385–86 (Me.1979).

It is perfectly obvious that the evidence presented in this case did not generate the competing harms defense. Poole testified that because of the way the friend was acting, "there might have been more involved than he was trying to cover up or led me to believe. It was not just some matter that he was off the road." Poole, however, at best speculated that the friend's account was understated. By Poole's own account, the friend made no mention of anyone else involved or of any need to go to the scene other than to pull the truck out of the ditch. Poole's alleged anticipation of imminent harm to another had no basis in fact whatsoever.

■ Poole contends for the first time on appeal that "mistake of fact affords a defense to the crime charged." Although under 17–A M.R.S.A. § 36 (1983) mistake of fact can in some cases be a defense to criminal liability, *see State v. Kee*, 398 A.2d

---

1. 17–A M.R.S.A. § 103 (1983) provides in pertinent part:

 1. Conduct which the actor believes to be necessary to avoid imminent physical harm to himself or another is justifiable if the desirability and urgency of avoiding such harm outweigh, according to the ordinary standards of reasonableness, the harm sought to be prevented by the statute defining the crime charged. The desirability and urgency of such conduct may not rest upon considerations pertaining to the morality and advisability of such statute.

at 386 n. 2, mistake of fact under section 36 is relevant only to the extent that it negates mens rea or establishes a state of mind that is otherwise a defense to a crime. An OUI conviction requires no proof of mens rea, and Poole's subjective state of mind is expressly not at issue in the competing harms defense. Further, the statute states that "[a] mistaken belief that facts exist which would constitute an affirmative defense is not an affirmative defense, except as otherwise expressly provided." 17–A M.R.S.A. § 36(5) (1983). Mistake of fact is thus irrelevant to this case.

 Poole further argues that the court should have allowed him to argue the common law defense of necessity to the jury.

The common law defense of necessity, however, did not survive the enactment of the criminal code, which was intended to be a complete codification of common law principles. *See State v. Crocker*, 506 A.2d at 211.

The entry is:

Judgment affirmed.

All concurring.