2001 ME 46

**STATE of Maine**

v.

**Daniel M. LEMIEUX.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 28, 2001.
Decided: March 12, 2001.

---

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

Anthony J. Sineni III, Esq., Portland, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Daniel M. Lemieux appeals from the judgment of conviction for operating a motor vehicle under the influence of alcohol pursuant to 29–A M.R.S.A. § 2411(1) (Class D),[1] entered in the Superior Court (Cumberland County; *Cole, J.*) after a jury trial. Lemieux contends that the trial court erred when it denied his request for a jury instruction on the competing harms defense pursuant to 17–A M.R.S.A. § 103.[2] We disagree and affirm the judgment.[3]

[¶ 2] Jury instructions are reviewed " 'as a whole to ensure that they informed the jury correctly and fairly in all necessary respects of the governing law.' " *State v. Day*, 1999 ME 29, ¶ 8, 724 A.2d 1245, 1247 (quoting *State v. Daniels*, 663 A.2d 33, 36 (Me.1995)). We "review the trial court's denial of a request for jury instructions for prejudicial error." *State v. Doyon*, 1999 ME 185, ¶ 7, 745 A.2d 365, 367 (citation omitted).

[¶ 3] The competing harms defense applies to "[c]onduct which the actor believes to be necessary to avoid imminent physical harm to himself or another . . . ." 17–A M.R.S.A. § 103(1)(1983). "In deciding whether a justification issue is generated, the evidence presented in support of the justification must be viewed in the light most favorable to the defendant." *State v. Caswell*, 2001 ME 23, ¶ 11, —— A.2d ——, 2001 WL 92209 (citing *State v.*

---

1. Section 2411 states in relevant part:
   § 2411. Criminal OUI
   1. Offense. A person commits OUI, which is a class D crime unless otherwise provided, if that person operates a motor vehicle:
   A. While under the influence of intoxicants; or
   B. While having a blood-alcohol level of 0.08% or more.
   29–A M.R.S.A. § 2411(1) (1996).

2. § 103. Competing harms
   1. Conduct which the actor believes to be necessary to avoid imminent physical harm to himself or another is justifiable if the desirability and urgency of avoiding such harm outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the statute defining the crime charged. The desirability and urgency of such conduct may not rest upon considerations pertaining to the morality and advisability of such statute.
   2. When the actor was reckless or criminally negligent in bringing about the circumstances requiring a choice of harms or in appraising the necessity of his conduct, the justification provided in subsection 1 does not apply in a prosecution for any crime for which recklessness or criminal negligence, as the case may be, suffices to establish criminal liability.
   17–A M.R.S.A. § 103 (1983).

3. The trial court declined to give a competing harms instruction on the basis that Lemieux denied he drove the vehicle. As we have previously noted, " '[g]enerally, inconsistent defenses may be interposed in a criminal case.' " *State v. Knowles*, 495 A.2d 335, 338 (Me.1985) (quoting *State v. Harris*, 189 Conn. 268, 455 A.2d 342, 344 (1983)). Although the trial court's rationale would have been in error had any evidence in support of the defense been presented, in the absence of such evidence, no error occurred.

*Wilder,* 2000 ME 32, ¶ 23, 748 A.2d 444, 450). In competing harms cases, we require that the evidence, "construed most favorably to the defendant, must be sufficient to make the existence of all facts constituting the competing harms justification a reasonable hypothesis for the fact finder to entertain." *Id.* (citing *State v. Poole,* 568 A.2d 830, 831 (Me.1990)).

[¶ 4] Lemieux admitted that he had several drinks during the afternoon and evening prior to his arrest. Both Lemieux and Patty Dixon testified that Dixon was driving the vehicle. They testified that Dixon was having panic attacks and that she stopped the vehicle, got out of the vehicle, and ran to the middle of the road trying to stop passing cars. Dixon further testified that when she has panic attacks she has to get to a hospital for medical care. There was, however, no testimony that Lemieux needed to drive while under the influence of alcohol to avoid imminent physical harm to himself or another. Without such evidence, an instruction on competing harms was not warranted. The trial court did not err when it denied Lemieux's request for a "competing harms" jury instruction.

The entry is:

Judgment affirmed.