2007 ME 23

**STATE of Maine**

v.

**Michael T. MARTIN.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 16, 2006.

Decided: Feb. 6, 2007.

Geoffrey A. Rushlau, District Attorney, Patricia A. Mador, Asst. Dist. Atty., Bath, for State.

Jodi L. Nofsinger, Berman & Simmons, P.A., Lewiston, for defendant.

Panel: SAUFLEY, C.J., and DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

SILVER, J.

[¶ 1] Michael T. Martin appeals from a judgment of conviction for two counts of aggravated assault (Class B), 17–A M.R.S. § 208(1)(B) (2006); two counts of reckless conduct with a dangerous weapon (Class C), 17–A M.R.S. §§ 211(1), 1252(4) (2005);[1] and one count of driving to endanger (Class E), 29–A M.R.S. § 2413(1) (2006), entered in the Superior Court (Sagadahoc County, *Delahanty, J.*) following a jury trial. Martin contends that the court's instructions to the jury were erroneous, and that irregularities in the jury's deliberations warrant vacating the court's judgment. We disagree and affirm the judgment.

## I. BACKGROUND

[¶ 2] Viewing the evidence in the light most favorable to the State, as we must do, *see State v. Bouchard,* 2005 ME 106, ¶ 10, 881 A.2d 1130, 1134, the following facts are supported in the record. On the evening of October 15, 2004, Barbara and Steven Boyce and their two daughters, Katherine and Kelsey, were driving from their home in Arrowsic to Wiscasset. They turned left onto Route 127, a two-lane road, from Spinney Mill Road after stopping at a stop sign. After pulling out onto Route 127, Barbara, who was driving, noticed two vehicles traveling toward her at a high rate of speed. One of the vehicles, driven by Martin, pulled into the oncoming lane to pass the other vehicle, driven by Martin's brother. Although Barbara attempted to slow her vehicle and move into the breakdown lane, the Boyces were struck by Martin, who was traveling at a rate of roughly eighty-six miles-per-hour at the moment of impact. All of the Boyces suffered injuries.

[¶ 3] Martin was indicted on December 16, 2004, on two counts of aggravated assault (Counts I and II, with one count as to Barbara Boyce and one count as to Steven Boyce), two counts of reckless conduct with a dangerous weapon (Counts III and IV, with one count as to Katherine Boyce and one count as to Kelsey Boyce), and one count of driving to endanger (Count V). He pleaded not guilty to all counts.

[¶ 4] The court conducted a jury trial in February and March of 2006, during which Martin's defense was that Barbara Boyce's actions in driving her vehicle concurrently caused the accident. Following deliberations, the jury returned a guilty verdict as to all five counts. The court sentenced Martin to four years incarceration for the aggravated assault and reckless conduct offenses with all but six months suspended, three years probation, and a $4000 fine, as well as six months incarceration for the driving to endanger offense, to run concurrent to the four-year sentence. Martin appealed.

---

1. Section 1252(4) has since been amended. P.L. 2005, ch. 527, § 17 (effective August 23, 2006) (codified at 17–A M.R.S. § 1252(4) (2006)).

## II. DISCUSSION

### A. Jury Instructions

[¶ 5] Martin contends that the court committed various errors in instructing the jury. We review the trial court's jury instructions as a whole for prejudicial error, and "to ensure that they informed the jury correctly and fairly in all necessary respects of the governing law." *State v. Lemieux*, 2001 ME 46, ¶ 2, 767 A.2d 295, 296 (quotation marks omitted). Thus, "[t]he adequacy and propriety of any jury instructions is determined by reviewing the charge in its entirety rather than in isolated extracts." *State v. Ashley*, 666 A.2d 103, 106 (Me.1995) (quotation marks omitted).

[¶ 6] "A trial court has wide discretion in formulating its instructions to the jury so long as it accurately and coherently reflects the applicable law." *Id.* at 107. A requested jury instruction is appropriately given when it: "(1) states the law correctly; (2) is generated by the evidence in the case; (3) is not misleading or confusing; and (4) is not otherwise sufficiently covered in the court's instructions." *Clewley v. Whitney*, 2002 ME 61, ¶ 8, 794 A.2d 87, 90. Further, "[w]hen the claimed error is the omission of a particular instruction, we will vacate the judgment only if 'the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element.'" *State v. Burdick*, 2001 ME 143, ¶ 30, 782 A.2d 319, 328 (quoting *Neder v. United States*, 527 U.S. 1, 19, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)). Although a defendant is entitled to have the jury instructed regarding each element of a charged offense, *State v. Stoddard*, 1997 ME 114, ¶ 15, 696 A.2d 423, 428, the court "need not confine its instructions to the exact language of the criminal code," *State v. Michaud*, 611 A.2d 61, 64 (Me.1992).

### 1. Speeding as Unlawful

[¶ 7] Martin first contends that the court erred in instructing the jury: "Maine law provides that an operator of a vehicle shall operate a vehicle within the posted speed limit and shall operate the vehicle at a careful and prudent speed having due regard to the traffic, surface and width of road and of other conditions then existing." Martin argues (1) that the instruction misstates the law of speeding pursuant to 29–A M.R.S. § 2074 (2006); and (2) that informing the jury that operating a vehicle above the posted speed limit is unlawful constituted a "direct missive" to the jury to convict based on Martin's admission that he was driving eighteen miles-per-hour over the speed limit, without regard to Martin's level of intent.

[¶ 8] Section 2074, entitled "[r]ates of speed," requires drivers to "operate a vehicle at a careful and prudent speed not greater than is reasonable and proper having due regard to the traffic, surface and width of the way and of other conditions then existing." 29–A M.R.S. § 2074. A related provision regarding the State's authority to regulate speed also states that "[a] person may not operate a vehicle in excess of maximum speeds fixed pursuant to this section." 29–A M.R.S. § 2073(3) (2006). The court is not required to use the exact identical language of an applicable statute in instructing the jury, *see Michaud*, 611 A.2d at 64, and the court's instruction did constitute an accurate statement of the law combining sections 2073 and 2074.

[¶ 9] We are also not persuaded that, as an accurate statement of the law, the court's instruction constituted any kind of missive to the jury, or that the court encouraged the jury to find Martin guilty without regard to the State's burden of proof as to Martin's intent, about which the court also instructed the jury. Thus,

no prejudicial error is evident in the court's instruction.

## 2. Criminal Speeding

■ [¶ 10] We are also not persuaded by Martin's contention that the court erred in refusing to instruct the jury that speeding in excess of thirty miles over the speed limit constitutes a criminal offense. Whether Martin's act of speeding would have constituted a civil or criminal violation if he had been charged with speeding was not relevant to the jury's fact-finding; the issue was instead whether the manner in which Martin operated his vehicle satisfied each element of aggravated assault, reckless conduct, and driving to endanger. The court did instruct the jury regarding the definition of speeding as an informational tool regarding the rules of the road. The court's instructions "accurately and coherently reflect[ed] the applicable law," and do not amount to prejudicial error. *See Ashley,* 666 A.2d at 107.

## 3. Concurrent Causation

■ [¶ 11] Martin further contends that the court erred in its instruction regarding causation. On the element of causation, the court first instructed the jury:

[A]s to the charges of aggravated assault if you go back to the elements you will see that the State must prove that the defendant[']s conduct, either his intentional or knowing or reckless act caused the injuries to Mr. and Mrs. Boyce.

Under our Maine criminal code when a defendant[']s conduct may have operated in conjunction with some other action, event or condition to cause a particular result, and in this case meaning the injury to Mr. and Mrs. Boyce, then to find the defendant guilty of causing that result the State must prove beyond a reasonable doubt that, A, the result would not have occurred except for the defendant[']s conduct and, B, that the

concurrent cause, meaning the other action, event or condition was not in and of itself clearly sufficient to produce the result and, C, the defendant[']s conduct was not clearly insufficient to produce the result.

[¶ 12] Soon into its deliberations, the jury sent a note to the court asking, "How does causation apply to the counts?" The court sent a note back stating, "Causation applies to Counts I and II. If you find that Michael Martin acted intentionally, knowingly or recklessly the State must prove his conduct caused the bodily injury to Barbara Boyce and/or Steven Boyce." The next day, the jury sent a note to the court reading, "[W]e are split on Counts III, IV and V. What do we do?" The court asked the jury to "go back to the jury room and continue your deliberations." Later, the jury sent another note to the court stating, "Please clarify causation part C. The defendant's conduct was not clearly insufficient to produce the result." The court then reinstructed the jury:

Causation relates to one of the elements that must be proven as to Counts I and II charged aggravated assault, that is, that the State must prove beyond a reasonable doubt that the defendant Michael Martin acted recklessly and that his reckless conduct caused the bodily injury to Mr. and/or Mrs. Boyce.

Based on the evidence if you find that there was some other act, conduct or event that may have caused the injuries then you have to look at the defendant's actions or conduct and the other action, conduct or event and see how they interact if they do.

If you find that Michael Martin's reckless conduct was the sole cause of injury to Mr. and/or Mrs. Boyce then you can find that the State has met its burden. In other words, if his conduct was the only cause of their injury. The State

must prove the injury to Mr. and Mrs. Boyce would not have occurred but for Mr. Martin acting recklessly.

If you find that some other act contributed to the injury to the Boyces and the other cause was clearly sufficient to cause the injury and Mr. Martin's conduct was clearly insufficient then the State has not met its burden. If both causes are clearly sufficient then the State has met its burden.

[¶ 13] Martin now argues that the court's revised instruction constituted a misstatement of the law of causation pursuant to 17–A M.R.S. § 33 (2006). Section 33 states:

Unless otherwise provided, when causing a result is an element of a crime, causation may be found where the result would not have occurred but for the conduct of the defendant operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant was clearly insufficient.

17–A M.R.S. § 33. In *State v. Snow*, we held that:

when the defendant's conduct operates in conjunction with a concurrent causative condition, the State must prove beyond a reasonable doubt not only that the result would not have occurred but for the conduct of the defendant, but also that the concurrent cause was not alone clearly sufficient to produce the result and that the conduct of the defendant was not clearly insufficient to produce the result.

464 A.2d 958, 962 (Me.1983). Martin contends that the court's revised instruction "eviscerated" the first requirement as stated in *Snow* by "limit[ing] the 'but for' element to scenarios where the defendant was the sole cause of the result" rather than scenarios in which there is more than one possible cause.

[¶ 14] Although Martin's attorney did make suggestions regarding the instruction, to which the court agreed, and did comment that "I don't think this is really going to clarify anything," at no time did Martin ever object to the court's clarifying causation instruction, and indeed, Martin's attorney did state of the court's proposed instruction: "I think this was actually fairly well done and not easy." Thus, we review the causation instructions given by the court only for obvious error affecting Martin's substantial rights. *See* M.R.Crim. P. 52(b). Obvious error is error that is "so highly prejudicial and so taints the proceedings as virtually to deprive the defendant of a fair trial." *State v. Kirk*, 2005 ME 60, ¶ 3, 873 A.2d 350, 351 (quotation marks omitted).

[¶ 15] We conclude that the court's instruction did not constitute obvious error. The court's revised instruction specifically stated that the jury must consider how Martin's conduct interacted with any other causes. In any event, the court did instruct the jury the first time in the exact language sought by Martin. Thus, in reviewing the instructions as a whole, to the extent the court erred in rephrasing the instruction, that error is neither obvious nor prejudicial. *See Bouchard*, 2005 ME 106, ¶¶ 27, 28, 881 A.2d at 1137–38 (concluding that the court's omission of the word "unauthorized" in one recitation of the element of theft by unauthorized taking did not constitute obvious error).

**B. Jury Deliberations**

[¶ 16] Martin also argues that the irregularities in the jury's deliberations—namely, that the jury deliberated a second time on the aggravated assault counts even after being instructed by the court to deliberate only as to the reckless conduct and driving to endanger charges—warrant vacating the court's judgment. This is not

precisely what occurred, however. Although the court did instruct the jury to continue deliberating, despite the jury's note that they were split as to Counts III, IV, and V, the court never instructed the jury not to deliberate any further as to Counts I and II. Indeed, the court's revised instruction specifically mentioned Counts I and II. When asked during an in-chambers conference prior to delivering the revised instruction why it was mentioning Counts I and II, the court noted that it had to assume that the jury could reconsider its decision on Counts I and II. Because the jury's decision as to Counts I and II had not yet been delivered, the court had no basis to restrict its continued consideration of those charges.

The entry is:

Judgment affirmed.