MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2015 ME 39
Docket:        Pen-14-169
Argued:        February 11, 2015
Decided:       April 9, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.


STATE OF MAINE

v.

DANIEL C. BAKER


HJELM, J.

[¶1]  Daniel C. Baker appeals from a judgment of conviction for aggravated assault (Class B), 17-A M.R.S. § 208(1)(C) (2014), and domestic violence terrorizing (Class D), 17-A M.R.S. § 210-B(1)(A) (2014), entered in the trial court (*Jordan, J.*) after a jury trial.  Baker argues that the trial court erred by failing to instruct the jury that it was required to acquit him if it found that the State failed to disprove self-defense and by failing to provide the jury with a corrected set of written instructions.  Baker also argues that the court's remedial orders were insufficient after the State failed to produce photographic evidence and presented evidence that he did not make statements to investigators about certain aspects of the case.  Because of the court's errors in its instructions to the jury, we vacate the judgment without reaching Baker's remaining arguments.

## I. BACKGROUND

[¶2] Viewed in the light most favorable to the State, the evidence supports the following facts. *See State v. Martin*, 2007 ME 23, ¶ 2, 916 A.2d 961. Prior to November 2012, Baker and the victim were involved in an intimate but turbulent long-term relationship. The couple separated prior to November 8, 2012, but remained on speaking terms. On that day, the two found themselves at the same bar, and the victim offered to give Baker a ride because he was intoxicated. She drove Baker to her residence and told him that he could sleep on the couch or in her son's vacant room. In response, Baker kicked a plant off a coffee table. When the victim retreated to her room to get her phone, Baker pushed her onto her bed and yelled at her. She kicked Baker, who then grabbed her hair and pushed her into the wall, causing her to fall. He climbed on top of her, hit her, banged her head against the floor and the furnace vent, choked her and threatened her. The victim unsuccessfully attempted to bite Baker through his jacket. She was able to get away from Baker and ran out of the room. He caught her again, and they struggled in the hallway. He grabbed her hair, but she was able to run to her neighbor's home, where she called the police. She was taken to the hospital for treatment of her injuries, which included a swollen lip, marks on her neck, and loose or missing patches of hair. Baker was arrested in the victim's residence.

[¶3] On January 2, 2013, Baker was indicted for (1) attempted gross sexual assault (Class B), 17-A M.R.S. §§ 152(1)(B), 253(1)(A) (2014); (2) aggravated assault (Class B), 17-A M.R.S. § 208(1)(C); and, (3) domestic violence terrorizing (Class D), 17-A M.R.S. § 210-B(1)(A). During a three-day jury trial held in January 2014, Baker presented a different view of the facts, testifying that when he and the victim arrived at her home, she questioned him about another woman he was seeing. She became irritated and threw glasses, plates and a coffee grinder at him, causing a cut on his head. During the encounter, she also hit him, held him down and choked him. Baker testified that he "grabbed her by the back of the head . . . pulled her to the ground" and "held her to the floor until she calmed down." When he loosened his grip on her, she bit him on his forearm. The State did not contest Baker's argument that the evidence generated an issue of self-defense. *See* 17-A M.R.S. § 108 (2014).

[¶4] In its charge, the court instructed the jury on the elements of the crime of aggravated assault and stated, "Now, if you find that the State has proved each of the elements of [the] crime[] of aggravated assault you should return a verdict of guilty." The court proceeded to instruct the jury on the lesser included offense of assault, *see* 17-A M.R.S. §§ 207, 13-A (2014), and then on the law of self-defense.

[¶5] As a preface to its self-defense instruction, the court stated, "If you find that the State has proven the elements of aggravated assault or assault you must

4

then decide whether he was acting in self-defense." The court then instructed the jury that because the defendant had raised the issue of self-defense, the State bore the burden of proving beyond a reasonable doubt that the defendant was not acting in self-defense. *See* 17-A M.R.S. § 101(1) (2014). After enumerating the ways the State could prove that the defendant's conduct was not justified, the court instructed the jury that if the State proved any of those disqualifying circumstances beyond a reasonable doubt, "then as to this legal justification the State has met its burden of demonstrating beyond a reasonable doubt the absence of self-defense and you should find the defendant guilty of aggravated assault or assault as you have found." The court did not instruct the jury what verdict it was required to render if it found that the State failed to disprove self-defense.

[¶6] Neither party objected to these instructions. The court provided the jurors with copies of written instructions that essentially mirrored its verbal instructions on the elements of the crimes charged and on self-defense.

[¶7] During deliberations, the jury sent a note to the court requesting clarification of the written instruction to find Baker guilty of aggravated assault if the State proved each element of the charge. When the court conferred with counsel to discuss the jury's request, Baker objected for the first time to the instructions the court had already given, arguing that instead of instructing the jury to return a guilty verdict if it found that the State proved the crime of aggravated

assault, the court should instruct the jury that it would need to consider the issue of self-defense. Baker also requested that the court provide the jury with revised written instructions to correct the error in the written instructions that had been given to the jury when it began its deliberations. The court agreed to give a clarifying oral instruction, but it refused to issue new written instructions with the correction and instead allowed the jurors to retain the original instructions.

[¶8] The jury was brought into the courtroom, where the court, referring to the written instruction on aggravated assault, gave an additional oral instruction:

> [I]t says if you find that the State has proved each of the elements of the crime of aggravated assault you should return a verdict of guilty.
>
> That returning of the verdict of guilty is a little bit sloppy. If you read on you notice that it talks about if the State has proven the elements of aggravated assault or assault then you consider self-defense, that is what that refers -- that phrase there should be read that you should -- if you make that finding of aggravated assault that you progress to the self-defense analysis and if you don't find that aggravated assault committed then you move on to the simple assault analysis and -- and subsequent to that.

[¶9] Shortly thereafter, the jury returned a verdict finding Baker guilty of aggravated assault and domestic violence terrorizing, and not guilty of attempted gross sexual assault. On the charge of aggravated assault, the court sentenced Baker to five years with all but two years suspended and three years of probation,

6

and imposed a concurrent six-month sentence for domestic violence terrorizing. Baker appeals.[1]

## II. DISCUSSION

[¶10]  Baker argues that he is entitled to a new trial because the court's jury instructions on self-defense were misleading and insufficient.  We review "jury instructions as a whole for prejudicial error, and to ensure that they informed the jury correctly and fairly in all necessary respects of the governing law." *Martin*, 2007 ME 23, ¶ 5, 916 A.2d 961 (quotation marks omitted).

[¶11]  Because Baker did not object when the court initially instructed the jury on self-defense, we review his challenge to the court's jury instructions for obvious error.  *See* U.C.D.R.P.—Bangor 30(b); M.R. Crim. P. 30(b)[2]; *see also State v. Dansinger*, 521 A.2d 685, 689 (Me. 1987).  Even though Baker subsequently objected to this part of the instructions when the court conferred with counsel about a note that the jury sent out during deliberations, the issue remains unpreserved because he did not object "before the jury retire[d] to consider its verdict . . . ."  U.C.D.R.P.—Bangor 30(b); M.R. Crim. P. 30(b); *see also Dansinger*, 521 A.2d at 689.  Accordingly, Baker is entitled to relief on appeal

---

[1]  Although the record does not specify whether the sentences were to be served concurrently or consecutively, the applicable statute, 17-A M.R.S. § 1256(2) (2014), renders them concurrent.

[2]  The Bangor Unified Criminal Docket Rules of Procedure have since been superseded by the Maine Rules of Unified Criminal Procedure.  M.R.U. Crim. P. 1(e)(1).

only if there was obvious error, which occurs in this context when jury instructions, viewed as a whole, are affected by "highly prejudicial error tending to produce manifest injustice." *State v. Ashley*, 666 A.2d 103, 106-07 (Me. 1995) (quotation marks omitted).

[¶12]   Self-defense is a justification defense rather than an affirmative defense. *See* 17-A M.R.S. § 108.  Accordingly, because the evidence in this case generated the issue of self-defense, the State had the burden to disprove the defense beyond a reasonable doubt.   17-A M.R.S. § 101(1); *State v. Herzog*, 2012 ME 73, ¶ 8, 44 A.3d 307.

[¶13]   The court's instructions on self-defense suffered from two structural flaws that, taken together, rise to the level of obvious error.

[¶14]   First, although the parties and the court agreed that Baker was entitled to a self-defense instruction, the court completed its instructions on the charge of aggravated assault by telling the jury that if the State were to prove that charge beyond a reasonable doubt, it should find Baker guilty.  That instruction would have been correct if the evidence had not generated the issue of self-defense. Self-defense, however, was an issue for the jury to decide, and the court's instructions suggested that the jury could bypass that issue, which would have resulted in the deprivation of Baker's constitutional rights to due process and to trial by jury on matters affecting his guilt.  *See* Me. Const. art. I, § 6; *Taylor v.*

*Withrow*, 288 F.3d 846, 851-52 (6th Cir. 2002). Because the roadmap of the jury's analytical path described in the court's charge authorized the jury to find the defendant guilty without any consideration of self-defense, it was incorrect.

[¶15] Despite having instructed the jury that it should find Baker guilty if the State were to prove the charge of aggravated assault beyond reasonable doubt, the court later instructed the jury on the law of self-defense. This resulted at least in an ambiguity, because it conflicted with the court's previous instruction authorizing a guilty verdict merely upon proof of the charge without regard to the State's burden to disprove the justification of self-defense. The ambiguity left the jury without clear guidance about whether self-defense was relevant to the charge of aggravated assault.

[¶16] The second structural problem affecting the court's charge to the jury arose from the instructions on self-defense. Although the court correctly identified the ways the State could disprove Baker's claim that he acted in self-defense, the court did not instruct the jury that it was required to acquit Baker if the State failed to meet its burden of proof on that issue. The court referred to self-defense as a "justification" but did not inform the jury what a justification is, and the court did not otherwise explain to the jury in any way the exculpatory effect of self-defense.

[¶17] When a court's instructions fail to inform the jury of its duty to render a verdict of not guilty when the State does not meet its burden on the issue of self-defense, then the instruction

> fails to state that self defense is, in fact, a defense. In other words, the instruction failed to notify the jury it was bound to acquit [the defendant] if it found that he acted in self defense. Assuming, as we do that juries follow the instructions given to them by the trial court[,] this means the jury could not have acquitted [the defendant] based upon self defense because it was not informed of any law permitting them to do so.

*Reddix v. State*, 731 So.2d 591, 595 (Miss. 1999) (citation omitted).

[¶18] Here, the court's instructions suffered from that deficiency. The instructions expressly informed the jury about the pathways to a guilty verdict. Because, however, the court did not instruct the jury of its obligation to find Baker not guilty if the evidence fell short of proving that his conduct was unjustified, the jury was not provided with an instruction about the pathway that would lead to a verdict of not guilty based on self-defense. Rather, the jury was left to guess about whether the law of self-defense could result in an acquittal or whether it might lead to some other result. Because we presume that jurors follow instructions they are given, *see State v. Dolloff*, 2012 ME 130, ¶ 55, 58 A.3d 1032, and because the court did not instruct the jury on this principle of law, the instruction was materially incomplete and deprived Baker of a legal basis for acquittal. These two structural errors, taken together, constitute a fatal flaw in the instructions.

10

[¶19]  This issue could have been cured when, during its deliberations, the jury requested that the court clarify the portion of its instructions that it "should return a verdict of guilty" if the State proved the charge of aggravated assault beyond a reasonable doubt.  Addressing the jury's inquiry with counsel and at Baker's request, the court agreed to instruct the jury to consider the issue of self-defense if it found that the State had proved the elements of the charge.  After the jurors returned to the courtroom, the court referred to the written instructions they had received when they began their deliberations, and told them,

> That returning of the verdict of guilty is a little bit sloppy.  If you read on you notice that it talks about if the State has proven the elements of aggravated assault or assault then you consider self-defense, that is what that refers -- that phrase there should be read that you should -- if you make that finding of aggravated assault that you progress to the self-defense analysis and if you don't find that aggravated assault committed then you move on to the simple assault analysis and -- and subsequent to that.

[¶20]  This explanation is less than clear.  Additionally, the court did not rectify the deficiency in the original instructions, because the jury still was not informed that it would be required to find Baker not guilty if the State did not disprove the claim of self-defense.  As given by the court, the instruction on the self-defense issue raised by Baker was therefore insufficient.  *See State v. Hanaman*, 2012 ME 40, ¶ 16, 38 A.3d 1278.

[¶21]  The prejudicial effect of the deficient instructions was compounded by the court's decision not to give the jury corrected written instructions, instead allowing the jury to retain the original written instructions that were the subject of the court's effort to clarify.  Written instructions, which are authorized by U.C.D.R.P.—Bangor 30(b); M.R. Crim. P. 30(b), are often an effective way to help educate jurors about legal principles that they must understand in order to meaningfully and fairly decide issues in dispute.  Written instructions have particular value when a trial judge must instruct a jury on complex legal issues, such as self-defense, *see State v. Mann*, 2005 ME 25, ¶ 15, 868 A.2d 183 (Saufley, C.J., dissenting) (noting that the instruction on self-defense "is difficult for a legal scholar to follow, let alone a lay juror").  A salutary purpose of written instructions is to allow jurors, as they deliberate in the confines of the jury room, to refer to the same information conveyed to them verbally in the courtroom.  Just as with verbal instructions, written instructions must be formulated so that they are not misleading or confusing.  When instructions are corrected or clarified verbally, the written material should be similarly corrected or clarified to assure that jurors have a correct statement of the law in all forms presented to them, and to avoid even an appearance that their verdict is based on a misapprehension or misunderstanding of the law.  *See State v. Delano*, 2015 ME 18, ¶ 23, --- A.3d ---.

12

[¶22] The flaws in the jury instructions rise to the level of obvious error. The issue of self-defense was central to the case, but the jury was left without guidance about the exculpatory consequences of the State's failure to prove that Baker's conduct was not justified. The court instructed the jury that it should find Baker guilty merely if the State proved the charge, without also requiring the jury to deliberate on the issue of self-defense, but also directed the jury to consider that issue. Its subsequent instructions on the issue were unclear and fell short of informing the jury of its duty to acquit Baker if it found that the State had not disproved Baker's contention that he acted in self-defense. The prejudice created by these errors was enhanced by the jurors' ongoing use of written instructions that memorialized the errors. In the circumstances of this case, these errors were highly prejudicial and tended to produce a manifest injustice. *See Ashley*, 666 A.2d at 106-07. Accordingly, without reaching Baker's remaining arguments on appeal, we must vacate the judgment.

The entry is:

> Judgment vacated. Remanded to the trial court for
> further proceedings.

**On the briefs:**

Jamesa J. Drake, Esq., Drake Law, LLC, Auburn, for appellant Daniel C. Baker

R. Christopher Almy, District Attorney, and Tracy Collins, Asst. Dist. Atty., Prosecutorial District V, for appellee State of Maine

**At oral argument:**

Jamesa J. Drake, Esq., for appellant Daniel C. Baker

Tracy Collins, Asst. Dist. Atty., for appellee State of Maine

Penobscot County Superior Court docket number CR-12-4429
FOR CLERK REFERENCE ONLY