MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2020 ME 126
Docket:       Lin-20-69
Submitted
 On Briefs:   September 29, 2020
Decided:      October 29, 2020

Panel:        MEAD, GORMAN, HUMPHREY, HORTON, and CONNORS, JJ.

## STATE OF MAINE

v.

## KEVIN D. LEE

MEAD, J.

[¶1]  Kevin D. Lee appeals from a judgment of conviction for assault (Class D), 17-A M.R.S. § 207(1)(A) (2020), and violation of condition of release (Class E), 15 M.R.S. § 1092(1)(A) (2020), entered by the trial court (Lincoln County, *Billings, J.*) following a jury trial.  Lee contends that the court erred in its jury instructions concerning the justification of defense of property set out in 17-A M.R.S. § 105 (2020).  We agree and vacate the judgment.

## I.  BACKGROUND

[¶2]  The evidence admitted at trial, viewed in the light most favorable to the State, would allow the jury to find the following facts beyond a reasonable doubt.  *See State v. Bilodeau*, 2020 ME 92, ¶ 2, --- A.3d ---.  On the morning of April 21, 2019, David Page was walking his three dogs on Main Street in

Damariscotta. The dogs were startled when Kevin Lee approached from behind, kicking a tennis ball. Page had seen Lee kicking his ball around town before.

[¶3] Page moved to kick the ball away from the dogs and told Lee to "get . . . out of here." As Page attempted to kick Lee's ball, Lee pushed Page backwards and Page fell, scraping his elbow. When Page acted like he was calling 9-1-1 on his phone, Lee said, "Well, you don't have a witness," and left. After Page got home and saw blood on his elbow and his torn shirt, he went to a nearby police station and reported the incident.

[¶4] Based on this interaction, the District Attorney for Lincoln County then charged Lee with assault, 17-A M.R.S. § 207(1)(A), and violation of condition of release, 15 M.R.S. § 1092(1)(A). A jury trial was held on August 6, 2019, but it resulted in a mistrial (*Raimondi, J.*) when the jury could not reach a verdict. The State decided to proceed with a second trial, which the court (*Billings, J.*) held on February 18, 2020. After the jury returned a verdict of guilty on the assault charge, the court, by previous agreement of the parties, considered the violation of condition of release count and found Lee guilty of that charge. The court entered judgment and sentenced Lee to a $300 fine for assault and an unconditional discharge for violating bail conditions.

[¶5]   Lee timely appealed.   For unexplained reasons, and despite its decision to twice prosecute this case, the State has not filed a brief, although it requested, and we allowed, additional time for it to do so.

## II.  DISCUSSION

[¶6]  In his brief, Lee declares that "[t]he defense of property in this case was all," and his sole assertion on appeal is that the trial court's jury instruction concerning the statutory justification of defense of property, to which he did not object at trial, constituted obvious error.  *See* 17-A M.R.S. § 105; *State v. Plummer*, 2020 ME 106, ¶ 14, --- A.3d --- ("Because [the defendant] did not object to the jury instructions given at trial, we review the instructions for obvious error.").  The justification at issue provides, in relevant part, that "[a] person is justified in using a reasonable degree of nondeadly force upon another person when and to the extent that the person reasonably believes it necessary to prevent what is or reasonably appears to be an unlawful taking of the person's property, or criminal mischief, or to retake the person's property immediately following its taking."  17-A M.R.S. § 105.

[¶7]  In *State v. Villacci*, also a case where the sole issue was the adequacy of jury instructions given on a statutory justification, we set out the relevant test and the respective burdens on the defendant and the State:

We review the jury instructions in their entirety to determine if the instructions failed to inform the jury correctly and fairly in all necessary respects of the governing law.

. . . A [statutory] justification places on the defendant a burden of production to generate an issue with sufficient evidence, and then imposes on the State the burden of persuasion to disprove the defense. Thus, when the defendant generates a justification, it is the State's burden to both disprove the justification beyond a reasonable doubt and prove each element of the crime charged beyond a reasonable doubt. If the State fails to disprove at least one of the elements of the justification beyond a reasonable doubt, the justification constitutes a complete defense, meaning that it negates the commission of the crime, even if the State otherwise proves all the elements of the crime charged. Thus, to convict a defendant when a justification has been generated, the State must disprove, beyond a reasonable doubt, at least one element of the justification and prove every element of the crime charged.

2018 ME 80, ¶¶ 9-10, 187 A.3d 576 (alterations, footnote, citations, and quotation marks omitted).

[¶8] Here, the trial court found that the justification had been generated by the evidence, and it gave oral and written instructions concerning the justification. The oral instruction informed the jury that

if you determine the State has proved the charge of assault beyond a reasonable doubt, you must next consider the issue of defense of property. A person in possession or control of an item of property is justified in using non-deadly force upon another person when and to the extent he reasonably believes it is necessary to prevent the other person from taking, or damaging, or destroying that property.

Because evidence generates an issue of whether the defendant was acting to prevent Mr. Page from taking his property, or damaging, or destroying his property, the State must prove beyond a reasonable doubt that, one, the defendant was not acting to prevent the taking or damage of his property and, two, the defendant's beliefs that led to his actions, when viewed in the light of the nature and purpose of the defendant's conduct and the circumstances known to the defendant, were a gross deviation from what a reasonable and prudent person would believe in the same situation.

[¶9]  The instruction incorrectly overstated the State's burden, in that it required the State, in order to disprove the justification, to prove that (1) Lee did not have a subjective belief that his use of force was necessary, *and* (2) if he did entertain such a belief, it was objectively unreasonable.  The court's written instructions correctly stated that the State was required to prove one "or" the other, not both.  *See* Alexander, *Maine Jury Instruction Manual* § 6-60-A at 6-127 (2018-2019 ed. 2018).  The oral and written instructions concerning the defense of property justification were otherwise functionally the same.

[¶10]  Setting aside that error, which was potentially prejudicial to the State but not to Lee, we follow our holding in *Villacci*, where we concluded that a jury instruction amounted to obvious error when

[a]lthough the court accurately provided the elements of the justification[], it offered no indication of what a justification is and did not explain that the State had any burden to disprove at least one element of the justification[] beyond a reasonable doubt; that the jury could find [the defendant] guilty only if it found that the

> State had met its burden to both disprove the justification[] and prove the elements of the crime; or that the State's failure to disprove the justification[] obligated the jury to find [the defendant] not guilty, even if the State otherwise met its burden of establishing each element of . . . assault beyond a reasonable doubt.

2018 ME 80, ¶¶ 17, 20, 187 A.3d 576.

[¶11]  As in *Villacci*, the court here did not indicate what a justification is—referring to "the issue" of defense of property—and did not tell the jury that if the State failed to disprove the justification beyond a reasonable doubt, it must find Lee not guilty.  *See id.* ¶ 17.  "In short, the jury was . . . left to wonder what legal [e]ffect, if any, the justification[] had in the matter."[1]  *Id.*  That error "was enhanced by the jurors' ongoing use of written instructions that memorialized the error[]."  *State v. Baker*, 2015 ME 39, ¶ 22, 114 A.3d 214.

[¶12]  Furthermore, "the instructions improperly suggested to the jury that it could find [Lee] guilty based only on the State's proof beyond a reasonable doubt of the elements of the crime," *Villacci*, 2018 ME 80, ¶ 19, 187 A.3d 576, because early in its charge, without any mention of the justification, the court told the jury:

> I am now going to define for you the elements of the charge and explain what the State must prove beyond a reasonable doubt in order for the defendant to be found guilty of the charge. . . .

---

[1]  In contrast, at Lee's first trial the court instructed the jury that "[i]f you find that the State has failed to prove any element of the crime of assault, or that the assault was unjustified beyond a reasonable doubt, then you must find the defendant not guilty."

> For the defendant to be found guilty of assault, the State must prove beyond a reasonable doubt that . . . [he] did intentionally, knowingly or recklessly cause bodily injury or offensive physical contact to David Page and the conduct was committed against David Page.

Thus, although the court later linked the "charge of assault" with "the issue of defense of property," the instruction suffered from the same "structural flaw[]" that we identified in *Baker*, namely that "the roadmap of the jury's analytical path described in the court's charge authorized the jury to find the defendant guilty without any consideration of [the statutory justification]." 2015 ME 39, ¶¶ 13-15, 114 A.3d 214; *see Villacci*, 2018 ME 80, ¶ 13, 187 A.3d 576 (citing *Baker*).

[¶13] Applying *Villacci*, we conclude that the errors present here—the *Baker* structural flaw, coupled with the court's failure to explain what a justification is and to "inform the jury that it had to acquit [Lee] if it found that the State did not disprove the justification[]," *Villacci*, 2018 ME 80, ¶ 19, 187 A.3d 576—"were highly prejudicial and tended to produce a manifest injustice, particularly given that [Lee's] defense was focused in large part on the application of the statutory justification[]," *id.* ¶ 20. Accordingly, the instructions constitute obvious error and the judgment of conviction on both charges must be vacated and the matter remanded for a new trial. *See id.* ¶ 20.

The entry is:

Judgment vacated.  Remanded for a new trial.

---

James M. Mason, Esq., Handelman & Mason LLC, Brunswick, for appellant Kevin D. Lee

The State of Maine did not file a brief

Lincoln County Unified Criminal Docket docket number CR-2019-191
FOR CLERK REFERENCE ONLY