MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2016 ME 155
Docket:       Som-15-492
Argued:       September 14, 2016
Decided:      October 18, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, <u>MEAD</u>, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

ANDREW B. MADERIOS

MEAD, J.

[¶1]   Andrew B. Maderios appeals from a judgment of conviction entered by the trial court (Somerset County, *Mullen, J.*) after a jury found him guilty of two counts of aggravated assault (Class B), 17-A M.R.S. § 208(1)(C) (2014),[1] and two counts of domestic violence assault (Class D), 17-A M.R.S. § 207-A(1)(A) (2015).  Maderios contends that the court erred in (1) declining to allow three of the victim's former romantic partners to testify to her alleged propensity to make false accusations when relationships ended against her wishes;  (2) admitting,  over  Maderios's  best  evidence  objection,  audio recordings and photographs made by the victim; and (3) declining to order a

---

   [1]  Title 17-A M.R.S. § 208(1)(C) has since been amended.  P.L. 2015, ch. 358, § 1 (effective Oct. 15, 2015) (codified at 17-A M.R.S. § 208(1)(C) (2015)).

mistrial as a result of statements made by the prosecutor during the State's closing and rebuttal arguments. We affirm the judgment.

## I. BACKGROUND

[¶2] On September 4, 2014, Maderios was indicted for alleged crimes committed against the victim, his then-girlfriend. The indictment charged Maderios with three counts of aggravated assault (Class B), 17-A M.R.S. § 208(1)(C) (Counts I, IV, VI); one count of aggravated assault (Class B), 17-A M.R.S. § 208(1)(A) (2014)[2] (Count IX); four counts of domestic violence assault (Class D), 17-A M.R.S. § 207-A(1)(A) (Counts II, V, VII, VIII); and one count of obstructing report of crime or injury (Class D), 17-A M.R.S. § 758(1)(A) (2015) (Count III).

[¶3] Before trial, Maderios moved to allow two of the victim's former boyfriends and her ex-husband to testify to what Maderios claimed was the victim's pattern of making false accusations when relationships ended on terms not to her liking. He supported his motion with a detailed offer of proof.

---

[2] Title 17-A M.R.S. § 208(1)(A) has since been amended. P.L. 2015, ch. 358, § 1 (effective Oct. 15, 2015) (codified at 17-A M.R.S. § 208(1)(A) (2015)).

[¶4]   Maderios also moved in limine, relying on M.R. Evid. 1002,[3] to exclude audio recordings of alleged assaults that the victim made on her cell phone, as well as photographs of injuries allegedly resulting from those assaults that she took with the phone, all of which were later transferred to her computer before the phone was returned to her cell phone carrier and became unavailable for trial.  The State moved in limine, relying on M.R. Evid. 1004(a),[4] to allow the evidence, asserting in part that Maderios himself had deleted the recordings and photographs from the victim's phone before it was returned to the carrier.

[¶5]   On August 28, 2015, the court held a hearing on the pretrial motions.  The court denied Maderios's motion to allow the testimony of the victim's former partners on the ground that its admission would create "a classic example of . . . a trial within a trial,"[5] and was therefore properly

---

[3]  Maine Rule of Evidence 1002, the "best evidence" rule, provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a statute provides otherwise."

[4]  An exception to the best evidence rule provides: "An original is not required and other evidence of the content of a writing, recording, or photograph is admissible if . . . [a]ll the originals are lost or destroyed, and not by the proponent acting in bad faith[.]"  M.R. Evid. 1004(a).

[5]  The State called two witnesses who testified at the hearing that their dating relationships with the victim ended without incident.

4

excluded pursuant to M.R. Evid. 403.[6]  The court further ruled that Maderios's challenge to the audio recordings and photographs went to their weight, and therefore they were admissible but subject to Maderios's cross-examination of the victim at trial.

[¶6]  The case went to trial on August 31-September 4, 2015.  The audio recordings that the victim made of a January 25, 2014, incident, which was the basis of Counts IV and V of the indictment, and of a March 23, 2014, incident, which was the basis of Counts VI and VII, were admitted and played for the jury.  Several photographs taken by the victim with her cell phone showing injuries resulting from those incidents were also admitted.

[¶7]  The jury returned verdicts of guilty on Counts IV, V, VI, and VII, and not guilty on the remaining counts.  At the sentencing hearing the court denied Maderios's motion for a new trial, entered judgment on the verdicts, and imposed consecutive sentences on the aggravated assault convictions resulting in an aggregate sentence of fifteen years' imprisonment, with all but three years suspended, and six years of probation.  On the domestic violence

---

[6]  The rule provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." M.R. Evid. 403.

assault convictions, the court imposed a sentence of six months to be served concurrently with the other sentences. Maderios appealed.

## II. DISCUSSION

A.    Evidence of Prior Relationships

[¶8]   Maderios argues that evidence of how the victim acted in prior relationships was admissible to show that she had motive, intent, and a plan to make false accusations against him when their relationship was ending. The trial court's ruling that the evidence was not admissible is reviewed for an abuse of discretion. *State v. Ericson*, 2011 ME 28, ¶ 19, 13 A.3d 777.

[¶9]   Although "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," M.R. Evid. 404(b), we have said that "evidence of prior bad acts is admissible for limited purposes other than to prove propensity, in that Rule 404(b) does not render inadmissible evidence of other crimes, wrongs, or acts if the evidence is offered to demonstrate motive, intent, identity, absence of mistake, or the relationship of the parties," *State v. Pratt*, 2015 ME 167, ¶ 24, 130 A.3d 381 (quotation marks omitted). It is not clear that the evidence concerning the victim's prior relationships proffered by Maderios would qualify for

6

admission under one of those exceptions, or that it would survive the State's challenge to it as improper character evidence.[7] We need not reach those questions, however, because we conclude that the court did not err by excluding the evidence pursuant to Rule 403.

[¶10] The trial court is "afforded wide discretion to make Rule 403 determinations." *State v. Filler*, 2010 ME 90, ¶ 17, 3 A.3d 365 (quotation marks omitted). Even if "evidence tending to show that a witness has a motive for falsifying or exaggerating trial testimony is relevant to credibility, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, among other grounds," including instances where "[p]resenting evidence related to the truth or falsity of the victim's allegations . . . would have confused the issues, creating a trial within a trial regarding whether the victim or [another witness] was telling the truth." *Ericson*, 2011 ME 28, ¶ 22, 13 A.3d 777 (citations and quotation marks omitted).

[¶11] Here, for several reasons, the court did not abuse its broad discretion in ruling that admission of the evidence contained in Maderios's offer of proof would be "a classic example of . . . creating a trial within a trial,"

---

[7] Maine Rule of Evidence 608(b) provides, in part, that "[e]xcept for a criminal conviction . . . extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."

and that "any probative value is substantially outweighed by confusion of the issues, misleading the jury [and] unfair prejudice."

[¶12]  First, unlike in *Filler*, where we concluded that it was an abuse of discretion to limit the defendant's cross-examination of his accuser concerning evidence of contemporaneous events relevant to her motivation to fabricate allegations of abuse against *him*, 2010 ME 90, ¶ 19, 3 A.3d 365, here Maderios sought to have third-party witnesses testify concerning the victim's alleged motivation to make accusations against those witnesses—not against Maderios.   Second, the three witnesses would have testified about relationships that had ended between four and ten years earlier, lessening any potential relevance.  Third, resolving the question of which witnesses were accurately describing the victim's conduct when her prior relationships ended would, as demonstrated by the State calling two witnesses at the motion hearing to contradict the three prospective witnesses discussed in Maderios's offer of proof, require what the court accurately described as "a classic example of . . . a trial within a trial."

[¶13]  Finally, again unlike the situation in *Filler*, where the "relevant evidence would have required only a few minutes of trial time to be fully explored," *id.* ¶ 20, here the court was faced with at least five witnesses, apart

from the principal parties, who would contradict each other concerning the victim's alleged character trait for vindictiveness and her propensity to make false allegations in the face of a failing relationship. That prospect posed an obvious danger of "confusing the issues" for the jury, M.R. Evid. 403, which was not tasked with determining which of those witnesses were credible concerning the victim's character, but rather with the central question of whether Maderios had assaulted the victim as alleged in the indictment.

[¶14] For these reasons, the court did not abuse its "wide discretion," *Filler*, 2010 ME 90, ¶ 17, 3 A.3d 365, in excluding the prospective testimony of the witnesses discussed in Maderios's offer of proof pursuant to M.R. Evid. 403.

B.     Best Evidence Rule

[¶15] Maderios next contends that the court abused its discretion in denying his motion to exclude the audio recordings and photographs on the ground that their admission violated the "best evidence" rule, which states that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a statute provides otherwise." M.R. Evid. 1002; *see LDC Gen. Contracting v. LeBlanc*, 2006 ME 106, ¶ 8, 907 A.2d 802 ("It is within the discretion of the trial judge to decide whether an

exception to the best evidence rule applies in a given instance. His decision is reviewable only for an abuse of that discretion." (quotation marks omitted)).

[¶16] The record reveals no error in the court's decision. By rule, "[a]n original is not required and other evidence of the content of a writing, recording, or photograph is admissible if . . . [a]ll the originals are lost or destroyed, and not by the proponent acting in bad faith." M.R. Evid. 1004(a). The victim testified at the motion hearing that she made audio recordings of the January 25, 2014, and March 23, 2014, incidents on her cell phone, and that in June she transferred the recordings and photographs to her computer after she began having trouble with the phone and her cell carrier advised her to do so. Subsequently, on July 4, 2014, Maderios returned home from a vacation and, during an argument with the victim, he deleted the recordings and photographs from her phone. The victim testified that she did not tamper with or alter the recordings or photographs after they were copied to her computer, and that the copies she gave the State were fair and accurate representations of what had occurred. The phone was eventually returned to the cell carrier so that she could get a replacement.

[¶17] The court found that "the State has negated bad faith to the extent it's alleged." That finding is supported by the victim's testimony at the

hearing. Accordingly, Rule 1004(a) was satisfied, and the court's decision to admit the evidence over Maderios's best evidence objection, subject to the jury's evaluation of its weight at trial, was not an abuse of the court's discretion.

[¶18] Furthermore, when Maderios testified at trial he did not dispute the accuracy of the recordings; rather, he said that he was not touching the victim when she made gagging noises and said "you strangled me," "ow, ow, ow," etc.—in other words, Maderios said that what the jury heard on the recordings was the victim's attempt to make it sound as if an assault were occurring. We have said that "[a]ny deviation from the best evidence rule is harmless error, unless an actual dispute exists as to the terms of the document at issue." *LDC Gen. Contracting*, 2006 ME 106, ¶ 8, 907 A.2d 802. Here it was not the contents of the recordings that were at issue, but their context.

C.    Prosecutorial Misconduct

[¶19] Maderios finally asserts that statements made by the prosecutor during the State's closing and rebuttal arguments constituted misconduct and required the court to declare a mistrial. Before closing arguments began, the court reminded the attorneys of our review in *State v. Dolloff*, 2012 ME 130, ¶¶ 42-43, 58 A.3d 1032, of conduct that may be regarded as improper.

[¶20]  Despite the trial court's sound, timely guidance, the prosecutor made statements that could be characterized as giving her personal opinion concerning the evidence and/or vouching for the credibility of witnesses.  The court responded with immediate, correct, and strongly-worded curative instructions, however, that the jury is presumed to have followed.  *Id.* ¶ 72.  In *Dolloff*, we said that

> [w]hen an objection has been made to a prosecutor's statements at trial, we review to determine whether there was actual misconduct, and, if so, whether the trial court's response remedied any prejudice resulting from the misconduct.  We generally defer to the determination of a presiding Justice, who has the immediate feel of what is transpiring, that a curative instruction will adequately protect against the jury's giving consideration to matters which have been heard but have been stricken as evidence.  Any concern created by improper statements made by a prosecutor is likely to be cured by a prompt and appropriate curative instruction, especially when such an instruction is specifically addressed to the prosecutor's misconduct.  Finally, we determine whether, if error exists, it was harmless.  Only where there are exceptionally prejudicial circumstances or prosecutorial bad faith will a curative instruction be deemed inadequate to eliminate prejudice.

*Id.* ¶ 32 (citations, footnote, and quotation marks omitted).

[¶21]  Here the court declined to grant a mistrial, ruling, "I don't find the [p]rosecutor's conduct was deliberate, and I don't think it is likely any prejudice could survive the instruction or could [a]ffect the outcome of the case."  On this record, where the court found that exceptionally prejudicial

circumstances or prosecutorial bad faith were not present, its decision not to grant a mistrial was within its discretion.[8] *See State v. Frisbee*, 2016 ME 83, ¶ 28, 140 A.3d 1230 ("[W]e review the trial court's decision on whether or not to grant a mistrial under the familiar standard of abuse of discretion.").

The entry is:

Judgment affirmed.

---

**On the briefs:**

Leonard I. Sharon, Esq., Leonard I. Sharon, Esq., P.C., Auburn, and Elliott L. Epstein, Esq., Andrucki and King, Lewiston, for appellant Andrew B. Maderios

Maeghan Maloney, District Attorney, Prosecutorial District IV, Skowhegan, for appellee State of Maine

**At oral argument:**

Leonard I. Sharon, Esq., for appellant Andrew B. Maderios

Maeghan Maloney, District Attorney, for appellee State of Maine

Somerset County Unified Criminal Docket docket number CR-2014-987
FOR CLERK REFERENCE ONLY

---

[8] We remind the bar that we review closely instances of misconduct of the kind that we discussed at length in *State v. Dolloff*, 2012 ME 130, 58 A.3d 1032. Had the trial court in this case not diligently and proactively protected Maderios's right to a fair trial, our result might have been different. Protecting a defendant's right to a fair trial is the responsibility of attorneys as well as the court, and a court's curative instruction must not be relied on as a way to inject, strategically or carelessly, improper comments that we have repeatedly cautioned attorneys not to make.