MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2016 ME 184
Docket:        Oxf-15-622
Argued:        September 14, 2016
Decided:       December 22, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

DAVID HANSCOM

HJELM, J.

[¶1] David Hanscom appeals from a judgment of conviction for two counts of unlawful sexual contact (Class B), 17-A M.R.S. § 255-A(1)(E-1) (2015), entered in the trial court (Oxford County, *Clifford, J.*) after a jury trial. He asserts that the court committed prejudicial error by declining to instruct the jury on specific unanimity and that during closing arguments, the State engaged in prosecutorial misconduct that constituted obvious error. Because the instructions to the jury were erroneous and the error was prejudicial to Hanscom, we vacate the judgment and remand for a new trial.

I. BACKGROUND

[¶2] In October 2014, Hanscom was indicted for three counts of unlawful sexual contact involving two children when they were both younger

than twelve years old.  The named victims are twin sisters, A.B. and C.D.[1]  In Count 1, Hanscom was charged with committing unlawful sexual contact with penetration (Class A) against A.B., *see* 17-A M.R.S. § 255-A(1)(F-1) (2015), on or about December 1, 2010.  A.B. and C.D. are the named victims in Counts 2 and 3, respectively, which alleged unlawful sexual contact without penetration, *see* 17-A M.R.S. § 255-A(1)(E-1), on or about July 1, 2012.  Hanscom entered pleas of not guilty to all charges, and the court held a two-day jury trial in September 2015.

[¶3]  The trial record, viewed in the light most favorable to the State, supports the following facts.  *See State v. Haag*, 2012 ME 94, ¶ 2, 48 A.3d 207.  A.B. and C.D. are the biological granddaughters of Hanscom's wife, who married Hanscom in 1998.  A.B. and C.D. visited Hanscom and his wife regularly at the Hanscom residence in Mason Township, including every Christmas, during the summers, and on occasional long weekends and spring breaks.  One such visit was during the summer of 2012.  During these visits, A.B. and C.D. stayed in an upstairs bedroom down the hall from the bedroom Hanscom shared with his wife.

---

[1] The initials we use in this opinion do not match the victims' names.

[¶4]   According to C.D., when she visited Hanscom and her grandmother, around midnight Hanscom frequently entered the bedroom she and her sister used, pushed aside her blanket, nightgown, and underwear, and touched her genitals with his fingers for several minutes.  Hanscom would then go to her sister's bed and touch her in the same way.  C.D. testified that this occurred "like every day we slept there" and that it always happened the same way.  According to A.B., Hanscom would enter the bedroom at 4:00 a.m., sit down on the edge of her bed, move the covers, lift her nightgown and underwear, and touch her genitals with his fingers.  She also testified that Hanscom sometimes touched C.D. in the same way.  A.B. stated that the contact occurred "more than once but it didn't always happen."

[¶5]   At the close of the State's case-in-chief, the court granted Hanscom's motion for judgment of acquittal on Count 1 because of insufficient evidence of penetration.  *See* M.R.U. Crim. P. 29(a).  This left Counts 2 and 3, each of which alleged a single criminal act of unlawful sexual contact committed against one of the two girls on or about July 1, 2012.

[¶6]   At the close of the evidence, Hanscom requested the court to instruct the jury on specific unanimity using the following instruction modeled on Maine's pattern instruction:

4

> In order to convict the defendant, you must all agree, beyond a reasonable doubt, that the defendant committed the crime of unlawful sexual conduct on at least one specific occasion. It is not enough if some of you find that the crime is proven only on one date, and others find that the crime is proven only on a different date. All of you must agree that at least one specific incident of the crime is proven to support a conviction.

*See* Alexander, *Maine Jury Instruction Manual* § 6-65 at 6-131 (2016 ed.). The court declined to give the instruction, stating, "The problem is only one allegation to each victim and not multiple allegations as to each victim so . . . I think it would be a little more confusing, and I'm not sure it would be very enlightening to the jury."

[¶7] The jury found Hanscom guilty of both counts of unlawful sexual contact. In December 2015, the court imposed concurrent sentences of three years' imprisonment with all but fifteen months suspended and eight years of probation. Hanscom appealed. 15 M.R.S. § 2115 (2015).

## II. DISCUSSION

[¶8] Hanscom argues that the court erred by rejecting his request for the specific unanimity instruction. He also contends that in its closing argument, the State made improper statements that, even in the absence of an objection, warrant a new trial. We consider these issues in turn, agreeing with

Hanscom's first contention but also addressing the second to avoid recurrence of improper prosecutorial comments at the retrial.

A.      Requested Jury Instruction

[¶9]  Testifying at trial, both victims described multiple incidents when Hanscom had sexual contact with each of them.  C.D. testified that the incidents occurred "every day we slept there," and A.B. told the jury that it happened "more than once."  According to the girls' mother, they visited the Hanscoms a number of times each year, including Christmas, long weekends, and during summers.  Although A.B. and C.D. testified that Hanscom engaged in this conduct against each of them more than once, Hanscom was charged with only one criminal act against each girl.  Because the State presented evidence of multiple incidents committed against each named victim, Hanscom requested that the court instruct the jury on specific unanimity—in effect, that the jury could find him guilty of a particular count only if the jurors agreed unanimously, beyond a reasonable doubt, that "at least one specific incident" occurred; but that a guilty verdict *could not* be predicated on a finding by some jurors that Hanscom committed the crime at one particular time and a finding by other jurors that he committed the crime at a different time.  The court did not give this instruction to the jury, reasoning that

6

because there was only one count for each victim, the instruction would be confusing.

[¶10] "We review jury instructions as a whole for prejudicial error, and to ensure that they informed the jury correctly and fairly in all necessary respects of the governing law." *State v. Tucker*, 2015 ME 68, ¶ 11, 117 A.3d 595 (quotation marks omitted). Where, as here, the appellant has preserved the issue for appeal by requesting that the court give the instruction at issue, *see Clewley v. Whitney*, 2002 ME 61, ¶ 9, 794 A.2d 87, we will vacate the judgment if the appellant demonstrates that the requested jury instruction

> (1) stated the law correctly; (2) was generated by the evidence; (3) was not misleading or confusing; and (4) was not sufficiently covered in the instructions the court gave. In addition, the court's refusal to give the requested instruction must have been prejudicial to the requesting party.

*State v. Hanaman*, 2012 ME 40, ¶ 16, 38 A.3d 1278 (citation omitted). Here, the record demonstrates that the court committed prejudicial error by not including the requested instruction in its charge to the jury.

[¶11] The specific unanimity instruction proposed by Hanscom correctly states the law in a way that is not misleading or confusing, because in order for the jury to find Hanscom guilty of a particular charge, the instruction would properly require a unanimous agreement among the jurors

that a single incident of unlawful sexual contact occurred.  *See State v. Fortune*, 2011 ME 125, ¶ 31, 34 A.3d 1115 ("When separate, . . . *similar incidents* such as thefts or drug transactions are the evidence supporting *a single charge*, the jury must unanimously find that one specific incident occurred . . . ." (Emphasis added)).  This stands in contrast to other circumstances where the specific unanimity instruction is not warranted: for example, where a crime can be committed by alternative means, *see State v. Nguyen*, 2010 ME 14, ¶ 15, 989 A.2d 712; or where the State alleges that there was more than one victim of a single crime, *see Fortune*, 2011 ME 125, ¶ 33, 34 A.3d 1115.

[¶12]  Here, the problem arises—and the specific unanimity instruction was necessary—because the State presented evidence that Hanscom committed the same crime against each victim on different occasions, and any one of those occasions could have led to a guilty verdict on that particular charge.[2]  In such circumstances, the specific unanimity instruction prevents jury confusion and serves to ensure that a guilty verdict is based on the jury's

---

[2] In addition to the incidents in the bedroom as described by the girls, A.B. testified that during a visit to Hanscom's residence, Hanscom put his hand under her clothing and touched her "butt" while she sat on Hanscom's lap in a chair in the den and played a computer game.  We need not decide whether A.B.'s description of where Hanscom touched her would be sufficient to support a conviction for unlawful sexual contact, *see* 17-A M.R.S. § 251(1)(D) (2015) (defining "sexual contact" as "any touching of the genitals or anus, directly or through clothing"), because the specific unanimity instruction became necessary based on evidence that he committed that crime against her more than once in the bedroom where he allegedly touched her genitals, and without regard to the alleged incident in the den.

8

unanimous conclusion that the State proved a single criminal episode. *Id.* This would not—as the State claims—have required proof that the crime occurred on a particular *date*. Rather, the specific unanimity instruction merely requires the State to persuade the jury beyond a reasonable doubt that the crime at issue was committed on some particular *occasion*.

[¶13]   Further, the requirement of specific unanimity was not sufficiently addressed in the other instructions given by the court to the jury. *See id.* In relevant part, the court instructed the jury:

> Count II, as to the charge of unlawful sexual contact on or about July 1, 2012 involving [A.B.] and you make the determination of whether you find the defendant guilty or not guilty and so you indicate. And then as to Count III, you make the same – you go through the same assessment as to the charge of – involving [C.D.] and you make a determination whether the defendant is guilty or not guilty.

> Your verdict must be unanimous. All 12 of the jurors who deliberate must agree in order to reach a verdict.

The court also instructed the jury, "There [are] two charges. You [have] the verdict form. Each one is addressed separately. The burden is on the State to prove the element of each of those charges." Thus, although the court drew a clear distinction between the two counts, its instructions fell short of distinguishing among the multiple factual bases presented by the State to support *each count*.

[¶14]  Overall, in the circumstances presented here, the omission of the specific unanimity instruction was prejudicial to Hanscom.  Based on the State's evidence, the jury was entitled to reasonably conclude that Hanscom committed the crime of unlawful sexual contact more than once against each girl.  The jury was not instructed, however, about the requirement of unanimity as it applies to a single incident, and the instructions therefore left open the prospect that the jury would find Hanscom guilty based on verdicts that were less than unanimous.  As a result, the error affecting the instructions was prejudicial.

[¶15]  The State argues that evidence of multiple criminal episodes committed against each named victim did not generate the need for the court to instruct the jury on specific unanimity, because evidence of those additional acts was admissible, not as an independent basis for criminal liability, but as evidence of prior bad acts.  *See* M.R. Evid. 404(b); *Steadman v. Pagels*, 2015 ME 122, ¶ 18, 125 A.3d 713.  The court rejected Hanscom's proposed instruction, however, for a very different reason, namely, its conclusion that the instruction would be confusing.  The record before us does not suggest that the State presented a Rule 404(b) analysis to the court.[3]  Consequently, the

---

[3]  It is apparent that the parties did not create a full record of the discussion regarding the specific unanimity instruction.  The trial transcript contains a sidebar colloquy among the court and

court was not alerted that the State was calling for it to engage in the sensitive and discretionary balancing process that often accompanies an offer of evidence of prior bad acts, *see State v. Wyman*, 2015 ME 2, ¶ 21, 107 A.3d 1134, in order to determine if that evidence could be properly used for that purpose, *see Steadman*, 2015 ME 122, ¶ 18, 125 A.3d 713.  Because the State did not call on the court to pass on the theory of admissibility it proposes here, we will not entertain the State's contention on a post hoc basis.

[¶16]  The Maine Constitution provides that "unanimity, in indictments and convictions, shall be held indispensable."  Me. Const. art. I, § 7; *see also State v. Elliott*, 2010 ME 3, ¶ 23, 987 A.2d 513.  As we have previously stated, "[o]n request, the jury should be instructed on [specific unanimity], if the evidence offered in support of one charge includes more than one incident of the charged offense."  *Fortune*, 2011 ME 125, ¶ 31, 34 A.3d 1115.  The court denied Hanscom's request for the instruction, and the error was prejudicial because on this record, the instructions created the prospect that the jury found Hanscom guilty of each charge with less than unanimity.

counsel where the proposed instruction was discussed and which refers to a chambers conversation that is not included in the record.  Nothing in the recorded sidebar conference suggests that the State made an argument based on Rule 404(b), and without more we will not speculate about the scope of the unrecorded discussion.

B.     Prosecutorial Misconduct

[¶17]   Hanscom also contends that during closing arguments, the prosecutor made statements that constituted prosecutorial misconduct. Although we vacate the conviction on other grounds, we address—again[4]— the issue of prosecutorial misconduct committed in the State's closing argument.

[¶18]  The role of a prosecutor in the courtroom is unique, serving as a "minister of justice" who is obligated "to see that the defendant is accorded procedural justice and that guilt is decided upon the basis of sufficient evidence."  M.R. Prof. Conduct 3.8 cmt. (1); *see also State v. Robinson*, 2016 ME 24, ¶ 23, 134 A.3d 828.   Prosecutors must "walk a careful line" to avoid overreaching, and "[a]lthough permitted to strike hard blows, a prosecutor may not strike foul ones."  *State v. Dolloff*, 2012 ME 130, ¶ 41, 58 A.3d 1032 (quotation marks omitted).

[¶19]  Hanscom correctly points to multiple instances of misconduct by the prosecutor during her closing argument.  For example, the prosecutor made references to factual information extrinsic to the record:

---

[4]  *See, e.g., State v. Madeiros*, 2016 ME 155, ¶ 19, --- A.3d ---; *State v. McBreairty*, 2016 ME 61, ¶ 24, 137 A.3d 1012; *State v. Robinson*, 2016 ME 24, ¶ 28, 134 A.3d 828; *State v. Fahnley*, 2015 ME 82, ¶ 34, 119 A.3d 727.

> And, folks, anyone who reads the newspaper or watches the TV news knows that men accused of abusing children are often among the most respected members of the community. This is how they're able to get away with it for years. I mean, teachers, coach[es], leaders of youth organizations, such as, Boy Scouts and, sadly, even clergy members are found to have committed acts such as these.

Violating the principle that the State's presentation to the jury "must be strictly confined to the domain of facts in evidence," the prosecutor impermissibly referenced news events about child abuse and imputed the criminal acts of others to Hanscom. *Robinson*, 2016 ME 24, ¶ 28, 134 A.3d 828 (quotation marks omitted).

[¶20]  In addition, the prosecutor vouched for the credibility of the two child witnesses during closing arguments, stating: "I would submit the most important testimony that you heard yesterday came from [A.B. and C.D.]. . . They were specific, they were detailed, and I would submit to you they were genuine in their testimony."  A lawyer should not "state a personal opinion as to . . . the credibility of a witness."  *State v. Hassan*, 2013 ME 98 ¶ 33, 82 A.3d 86 (citing M.R. Prof. Conduct 3.4(e)).  A prosecutor may properly suggest to the jury ways to analyze the credibility of witnesses when those arguments are "fairly based on facts in evidence."  *See Hassan*, 2013 ME 98, ¶ 33, 82 A.3d 86 (quotation marks omitted).  It is improper, however, for a

prosecutor to vouch for a witness by "impart[ing] her personal belief in a witness's veracity or impl[ying] that the jury should credit the prosecution's evidence simply because the government can be trusted." *State v. Williams*, 2012 ME 63, ¶ 46, 52 A.3d 911 (quotation marks omitted). Here, the prosecutor crossed that line.

[¶21] Because we vacate the judgment on other grounds, we need not determine whether these and other comments made by the State to the jury would require a new trial, even though the issue was not preserved below. *See Dolloff*, 2012 ME 130, ¶¶ 35-38, 58 A.3d 1032 (discussing the standard of review for improper closing arguments by the State in the absence of an objection at trial). We nonetheless address the issue because of its recurrence in cases presented on appeal and in an effort to prevent it from occurring again on retrial.

The entry is:

Judgment vacated. Remanded for a new trial.

Walter F. McKee, Esq. (orally), and James A. Billings, Esq., McKee Billings, LLC, P.A., Augusta, for appellant David Hanscom

Andrew S. Robinson, District Attorney, Alexandra W. Winter, Asst. Dist. Atty. (orally), and Joseph M. O'Connor, Asst. Dist. Atty., Office of the District Attorney, South Paris, for appellee State of Maine

Oxford County Superior Court docket number CR-2014-466
FOR CLERK REFERENCE ONLY