MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2018 ME 112
Docket:       Yor-17-529
Argued:       July 18, 2018
Decided:      August 9, 2018

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

RALPH C. MILLER

SAUFLEY, C.J.

[¶1]  Ralph C. Miller appeals from a judgment of conviction for twenty-eight counts of gross sexual assault[1] (Class B), 17-A M.R.S. § 253(2)(H) (2017), entered by the court (York County, *Douglas, J.*) following a jury trial. Miller challenges the sufficiency of the evidence to convict him of each count of gross sexual assault.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  Viewing the evidence in the light most favorable to the State, the jury rationally could have found the following facts beyond a reasonable doubt. *See State v. Hall*, 2017 ME 210, ¶ 29, 172 A.3d 467.

---

[1]  Miller was also convicted of one count of incest (Class D), 17-A M.R.S. § 556(1)(A) (2017), but he does not appeal from that conviction.

[¶3]  Miller, who is the victim's biological father, first met the victim in August of 2008.  The victim had experienced an unstable childhood, and she moved in with Miller and his family in late 2008.  She was fifteen years old at the time.

[¶4]  Shortly after she moved in, Miller put his hand over the victim's mouth, pulled down her pants, and forced his penis into her vagina.[2]  Following this initial assault, Miller sexually assaulted the victim in the same way "more than 50 times," "almost on a weekly basis," and "for month after month between [her] 15th birthday and [her] 18th."  The victim testified that "on every occasion," Miller "insert[ed] his penis into my vagina."

[¶5]  The victim moved out of Miller's house shortly after her eighteenth birthday.  For approximately three years between 2013 and 2016, after she had moved out of Miller's home, the victim and Miller maintained a relationship that involved no assaultive behavior.  However, on February 17, 2016, Miller had sexual intercourse with the victim. Following this incident, the victim, who "felt dirty and gross," went to a hospital to obtain a sexual assault examination.  At the hospital, a certified sexual assault nurse examiner collected semen from the

---

[2] The victim testified in detail to the specific events surrounding the first sexual assault.

victim's vagina and cervix, and DNA from the semen was later shown to match Miller's.

[¶6] A detective from the Biddeford Police Department interviewed the victim, and she described incidents of sexual assault beginning when she was fifteen years old. She gave the detective a number of details regarding the consequences of Miller's sexual assault on her.

[¶7] One month later, with the victim's approval, the detective arranged a pretextual phone call to Miller. Pursuant to the detective's plan, the victim called Miller on a recorded line. Among other things, she reminded him of his sexual assaults. Miller then stated:

> I'm sorry for everything. I should have just left you alone. . . . And I just want you to know that no matter what happens . . . , I'm going to love you. I'm still going to talk to you. You don't have to do that with me if you don't want to. Don't feel like you do. All right?

[¶8] On March 16, 2016, Miller was charged by complaint with incest and twenty-nine counts of gross sexual assault. On June 7, 2016, an indictment was issued alleging twenty-nine counts of gross sexual assault taking place "on or about between June 1, 2009 and May 29, 2011, in York County, Maine" and a single count of incest. A superseding indictment was issued on January 5, 2017, specifically identifying the month in which each of the twenty-nine alleged

4

assaults occurred—with one gross sexual assault alleged in each month between June 2009 and May 2011.

[¶9] Miller pleaded not guilty to all of the charges. A three-day jury trial was held on June 26-28, 2017.[3] Following the State's case-in-chief, Miller moved for a judgment of acquittal, and the court denied the motion. Miller then testified and acknowledged that he had had sex with the victim on February 17, 2016, but he asserted that the victim had initiated the encounter and that he had "just let that happen." He denied having sex with the victim "when she was a kid."

[¶10] The jury found Miller guilty on all counts, and the court entered a judgment of conviction.[4] Miller timely appealed from the conviction. *See* M.R. App. P. 2B(b)(1).

---

[3] Immediately before trial, the State dismissed the twenty-ninth count of gross sexual assault, which alleged an incident "on or about between May 1, 2011 and May 31, 2011," out of concerns regarding the date of the offense and the victim's birthdate.

[4] Following a hearing, the court sentenced Miller to eight years of imprisonment for each of the twenty-eight counts of gross sexual assault. The court selected the fifth and twenty-eighth counts as "primary" counts for purposes of the sentencing analysis. *See State v. Downs*, 2009 ME 3, ¶ 14, 962 A.2d 950; 17-A M.R.S. § 1252-C (2017). Twenty-six of the terms were to be served concurrently with the unsuspended eight-year sentence for the fifth count. For the twenty-eighth count, the court sentenced Miller to eight years, all but four years suspended, to be served consecutively to the sentence for the fifth count. The court imposed a three-year period of probation. The Sentence Review Panel of this Court denied Miller's application for leave to appeal from his sentence. *See* 15 M.R.S. § 2151 (2017).

## II.  LEGAL ANALYSIS

[¶11]  Miller contends that the State did not produce sufficient evidence from which the jury could have found that Miller committed each of the twenty-eight counts of gross sexual assault for which he was convicted.  On a challenge to the sufficiency of the evidence, we examine the record in the light most favorable to the jury's verdict to determine whether the jury could have rationally found, beyond a reasonable doubt, that the defendant committed each element of the offenses for which he was convicted.  *See Hall*, 2017 ME 210, ¶ 29, 172 A.3d 467.  "A victim's testimony, by itself, is sufficient to support a guilty verdict for a sex crime . . . if the testimony addresses each element of the crime and is not inherently incredible."  *State v. Moores*, 2006 ME 139, ¶ 9, 910 A.2d 373.

[¶12]  A person commits gross sexual assault if he "engages in a sexual act with another person and . . . [t]he other person has not in fact attained the age of 18 years and the actor is a parent . . . of that other person."  17-A M.R.S. § 253(1)(H).  A "sexual act" includes an act between two people involving "direct physical contact between the genitals of one and the genitals of the other."  17-A M.R.S. § 251(C)(1) (2017).

6

[¶13]  Miller does not dispute that he is the victim's biological parent, and the evidence showed that the victim was under age eighteen during the entire period in which Miller was alleged to have committed gross sexual assault.  The testimony[5] at trial established that Miller "put his penis into [the victim's] vagina,"  and that this specific conduct—including genital-to-genital contact—occurred "almost on a weekly basis" and "for month after month."  *See id.*  The jury could have been convinced, beyond a reasonable doubt, that Miller subjected the victim to at least twenty-eight separate incidents of gross sexual assault.  *See State v. Shulikov*, 1998 ME 111, ¶¶ 12-13, 712 A.2d 504.

[¶14]  The focus of Miller's sufficiency argument is not, however, on the State's failure to prove any one element of gross sexual assault.  Rather, Miller contends that because the indictment specified the time and place of the assaults, the State was required to produce evidence regarding the time and place of each individual incident of assault.[6]  Contrary to Miller's contention, we

---

[5]  Although the victim's testimony was, on its own, sufficient to support the jury's verdict, *see State v. Logan*, 2014 ME 92, ¶ 17, 97 A.3d 121, we note that the testimony in this instance was corroborated by Miller's implied concession in the recorded phone call that he had pressured her to have sex with him, evidence that there were consequences of the sexual assaults, and testimony regarding her disclosures of sexual assaults while she was in high school.

[6]  Although Miller does not raise the argument, cases involving allegations of a continuing course of sexual assaults including multiple counts of sexual abuse will sometimes generate issues involving the defendant's right to a unanimous verdict on each specific finding of guilt—what we have termed "specific unanimity."  *See* Me. Const. art. I, § 7; *State v. Hanscom*, 2016 ME 184, ¶¶ 14-16, 152 A.3d 632 (holding that the denial of a request for a jury instruction on specific unanimity, where the evidence could lead to juror confusion regarding the basis of each finding of guilt, was prejudicial

have consistently held that time is not an element of gross sexual assault except to determine the age of the alleged victim and to apply the statute of limitations. *E.g., State v. Standring*, 2008 ME 188, ¶ 13, 960 A.2d 1210. Here, the evidence established that the victim was under age eighteen during all of the sexual assaults and that the applicable eight-year statute of limitations had not run when the prosecution was commenced in March 2016. *See* 17-A M.R.S. § 8(2-A) (2017).[7] We have also held that place is not an essential element of a crime and serves only to fix the venue of the prosecution and provide evidence upon which jurors may evaluate credibility. *See State v. Brown*, 2000 ME 25, ¶ 10, 757 A.2d 768.

[¶15] The record contains ample evidence to support the jury's finding, beyond a reasonable doubt, that the State proved each and every element of all twenty-eight counts of gross sexual assault.

---

error). In this case, Miller affirmatively approved of the jury instructions, thereby waiving any such challenge. *See State v. Ford*, 2013 ME 96, ¶ 15, 82 A.3d 75. On the facts of this case, even if Miller had preserved any challenge to the specific unanimity issue, the evidence is explicit and straightforward. Either the jurors believed that Miller had sexually assaulted his own daughter at least once during each month alleged in the indictment, or they did not.

[7] When the Legislature amended the statute of limitations for gross sexual assault in 2013, it adopted the amended eight-year limitations period for all offenses for which the then-applicable six-year limitations period had not run. *See* P.L. 2013 ch. 392, § 3 (effective Oct. 9, 2013); 17-A M.R.S. § 8(2-A) (2017). Here, the first assault occurred no earlier than January 2009, within the six-year limitations period applicable when the Legislature amended the statute. Therefore, the current, eight-year limitations period is applicable, and all of the assaults are within the statutory period.

The entry is:

Judgment affirmed.

---

William H. Ashe, Esq. (orally), The Law Offices of William H. Ashe, Ellsworth, for appellant Ralph C. Miller

Kathryn Loftus Slattery, District Attorney, and Anne Marie Pazar, Asst. Dist. Atty. (orally), Prosecutorial District 1, Alfred, for appellee State of Maine